UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMIE NICHOLAS BRZEZINSKI,

        Plaintiff,               Case Number: 12-CV-14573

v.                                      HONORABLE GERSHWIN A. DRAIN

WILLIE SMITH, ET AL.,

        Defendants.
                                       /

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION[#8] AND DIRECTING PLAINTIFF TO FILE COPIES OF COMPLAINT

      Plaintiff Jimmie Nicholas Brzezinski is a state inmate currently incarcerated at the Central Michigan Correctional Facility in St. Louis, Michigan. He filed a *pro se* civil rights complaint seeking money damages and injunctive relief. Plaintiff was granted leave to proceed without prepayment of the filing fee and, pursuant to the screening provisions contained in 28 U.S.C. § 1915(e)(2), the Court dismissed defendants Smith, Kavanagh, Johnson, Scutt, Kaatz, Murchison, Burt, and Lockey, because Plaintiff failed to state a claim upon which relief may be granted against these defendants. The Court also ordered Plaintiff to file six copies of his complaint within thirty days so that service could be made on the remaining defendants. Now before the Court is Plaintiff's motion filed under Fed. R. Civ. P. 59(e).

      The disposition of motions under Rule 59(e) are "entrusted to the court's sound

discretion." *Keweenaw Bay Indian Community v. United States*, 940 F. Supp. 1139, 1140 (W.D. Mich. 1996) (*citing Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982)).  Rule 59(e) motions are generally granted when one of the following circumstances arises:

> (1) an intervening change in the controlling law; (2) evidence not previously available has become available; or (3) necessity to correct a clear error of law or prevent manifest injustice.

*Nagle Industries, Inc. v . Ford Motor Co.*, 175 F.R.D. 251, 254 (E.D. Mich. 1997) (*citing Keweenaw Bay*, 940 F. Supp. at 1141).  "Such motions, however, are 'not intended as a vehicle to relitigate previously considered issues;' 'should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence' and are not the proper vehicle to attempt to obtain a reversal of a judgment 'by offering the same arguments previously presented.'" *Id. (quoting Keweenaw Bay*, 904 F. Supp. at 1141).

First, Plaintiff seeks relief from the Court's dismissal of defendants Kaatz and Kavanagh.  In his complaint, Plaintiff alleged that defendant Kavanagh said he was getting sick and tired of the prisoners and their UCC-related materials and claims and that defendant Kaatz asked Plaintiff if he was a "sovereign" and told Plaintiff to get away from him.  The Court dismissed these defendants because allegations of harassment and verbal threats are insufficient to state a civil rights claim under § 1983.  *See, e.g., Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987).  Plaintiff now argues that these defendants should not have been dismissed because they retaliated against Plaintiff for exercising his First Amendment rights.  Plaintiff did not allege retaliation by these defendants in his complaint.  Similarly, Plaintiff

argues that defendants Johnson and Scutt should not have been dismissed by advancing a conclusory claim of retaliation not advanced in his complaint. A plaintiff may not amend a complaint to avoid a *sua sponte* dismissal under § 1915(e)(2). *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999). Therefore, Plaintiff may not obtain relief under Rule 59(e) by raising allegations against these defendants that were not raised in his complaint.

The Court dismissed defendants Burt, Smith, Murchison, and Lockey because Plaintiff failed to make any specific allegations against them. Plaintiff attempts to correct this error by asserting various specific (though conclusory) claims against them in his motion. As discussed, Plaintiff may not evade summary dismissal of these defendants by this belated attempt to amend the allegations against them.

Accordingly, Plaintiff's Motion for Reconsideration [#8] is **DENIED**.

Plaintiff has not yet filed the required number of copies of the complaint. Plaintiff must file **six copies** of the complaint within **FOURTEEN DAYS** from the date of this Order. Failure to file the required number of copies may result in dismissal of the complaint.

/s/Gershwin A Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: January 11, 2013