UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMIE BRZEZINSKI #394183,

    Plaintiff,                          Case No. 12-14573
                                         HON. GERSHWIN A. DRAIN

vs.

WILLIE SMITH, et al.,

    Defendants.

_____/

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [#16], DENYING PLAINTIFF'S MOTION TO AMEND [#14] AND DENYING PLAINTIFF'S MOTION IN OPPOSITION TO DISMISSAL [#20]

**I.    INTRODUCTION**

This suit arises from Plaintiff's Section 1983 claims based on alleged violations of his First, Fourth, Fifth, Sixth, Ninth, and Fourteenth Amendment rights. Presently before the court is Defendants' Motion to Dismiss, or in the alternative, for Summary Judgment and Plaintiff's Motion to Amend. For the reasons that follow Defendants' Motion is GRANTED. Further, Plaintiff's Motion to Amend is DENIED as MOOT.

**II.    PROCEDURAL AND FACTUAL HISTORY**

Plaintiff is a state prisoner currently housed in the Central Michigan Correctional Facility (STF), St. Louis, Michigan. The alleged violations of Plaintiff's constitutional rights

-1-

occurred at the Carson City Correctional Facility (DRF), Carson City, Michigan and the G. Robert Cotton Correctional Facility (JCF), Jackson, Michigan. Defendant Deschaine was the Resident Unit Manager and Defendant McQueary was the Assistant Resident Unit Supervisor at DRF. Defendant Elum was the Librarian at JCF. Defendants Polzien and Marutiar are Hearing Officers employed by the Michigan Administrative Hearing System.

The basis of Plaintiff's Section 1983 claims against Defendants Deschaine, McQueary, and Marutiar occurred at DRF while he was imprisoned there. On March 3, 2010, Defendant Deschaine informed Plaintiff that his legal property was lost. Next, on August 17, 2010, Defendant Deschaine ordered Plaintiff to mail his UCC materials home since Deschaine thought Plaintiff was using these materials to operate a business from his prison cell. Plaintiff countered that these materials were legal in nature. In response to this charge, Defendant McQueary issued a Notice of Intent to Conduct an Administrative Hearing (NOI) to determine whether the UCC materials were legal in nature. Defendant Marutiar conducted the hearing and determined they were not legal property.

Plaintiff claimed that Defendant McQueary had him transferred on March 24, 2011 in retaliation for exercising his rights to access the courts. Plaintiff further alleges that he filed a grievance for what he saw as a retaliatory transfer to JCF, but DRF did not acknowledge receipt of this grievance. Plaintiff alleged that his grievance was either lost or destroyed.

Claims against Defendants Elum and Polzien occurred while Plaintiff was imprisoned at JCF. Plaintiff requested Defendant Elum to copy legal materials for a pending lawsuit. Defendant Elum refused on the basis that the materials were prohibited under the determination reached in the previous hearing. Another hearing was held, this time by

Defendant Polzien, who determined that the materials Plaintiff requested to have copied were properly confiscated.

Plaintiff requested $50,000 in compensatory damages, $1.7 million in punitive damages, injunctive and declaratory relief. On November 16, 2012, partial dismissal was granted for claims against Defendants Smith, Kavanagh, Johnson, Scutt, Kaatz, Murchison, Burt, and Lockey for failure to properly state a claim. The remaining Defendants filed a Motion to Dismiss, or in the alternative, for Summary Judgment on April 18, 2013. Also before the Court is Plaintiff's Motion to Amend his Complaint.

### III.   LAW AND ANALYSIS

#### *1. Standard of Review*

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *see also Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Amway Distributors*

*Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).  The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Redding*, 241 F.3d at 532 (6th Cir. 2001).  "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *see also National Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial."  *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968); *see also McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).  Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party.  *Anderson*, 477 U.S. at 248, 252.  Rather, there must be evidence on which a jury could reasonably find for the non-movant.  *McLean*, 224 F.3d at 800 (citing *Anderson*, 477 U.S. at 252).

### *2. Denial of Access to the Courts*

Plaintiff's main complaint is that Defendants denied him access to the courts. "[P]risoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977).  "[A] prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d

378, 391 (6th Cir. 1999). In order to establish interference with that right a prisoner must suffer an actual injury that hinders their ability to bring a protected claim. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Finally, the claim must be nonfrivolous "in the legal sense that it states a claim for relief that is at least arguable in law and in fact." *Id.* at 399.

Plaintiff claims that the "actual injury" he suffered was the deprivation of access to "exhibits and evidence." Compl. 12. However, he has not disclosed what type of protected claim he was prevented from pursuing. These details are required for the Court to determine whether or not Plaintiff has a nonfrivolous suit of the type that is afforded constitutional protection. Without establishing these two elements Plaintiff cannot maintain a denial of access to the courts claim.

Even if Plaintiff had stated a claim he was prevented from pursuing, his action would still likely fail. The "exhibits and evidence" Plaintiff is referring to is his Uniform Commercial Code materials. The UCC speaks only to commercial law and does not provide a proper basis for appealing a criminal conviction, writing a habeas petition, or bringing a civil rights action. A claim based on the UCC should not fall within the scope of protected claims. Any appeal, habeas petition, or civil rights action that relied on the UCC would be frivolous. So, depriving Plaintiff of his UCC materials cannot amount to a denial of access to the courts.

### 3. Qualified Immunity for Defendant McQueary

The Supreme Court held that, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity

is determined by the two-step inquiry provided in *Saucier v. Katz*, 533 U.S. 194 (2001).[1] The first step asks whether: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Id.* If answered in the affirmative, then the second step asks whether the right was clearly established. *Id.* "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

Plaintiff claims Defendant McQueary violated his First Amendment rights by transferring him from DRF to JCF in retaliation for exercising his right to access the courts. Since Defendant McQueary is a government official performing discretionary functions, he is eligible for qualified immunity. A retaliation claim consists of three elements:

> (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two-that is, the adverse action was motivated at least in part by the plaintiff's protected conduct."

*See Thaddeus-X*, 175 F.3d at 394. Plaintiff's bare assertion that he was transferred for retaliatory reasons does not properly state a retaliation claim. It is not at all clear that transfer from one facility to the other was adverse, nor does Plaintiff provide any information regarding the causal connection between the first two elements. While Plaintiff's pro se status is recognized this threadbare claim cannot stand in the face of Defendant McQueary's qualified immunity. Thus, Plaintiff's claim fails on the first step.

---

[1] In *Pearson v. Callahan*, 555 U.S. 223 (2009), the Supreme Court held that the *Saucier* order of inquiry is not mandatory, but remains helpful. The difference is immaterial as Plaintiff does not pass either step.

### *4. Absolute Immunity for Defendants Marutiar and Polzien*

Defendants Marutiar and Polzien are entitled to dismissal because they have absolute judicial immunity for their actions. *See Barber v. Overton*, 496 F.3d 449, 452 (6th Cir. 2007) ("[A] Michigan hearing officer is entitled to absolute judicial immunity for actions taken in his hearing-officer capacity."). Defendants Marutiar and Polzien were clearly acting in a judicial capacity since they were reviewing Plaintiff's grievances. As such, they have absolute immunity and claims against them are dismissed.

### *5. Injunctive and Declaratory Relief Against All Defendants*

Plaintiff's request for injunctive and declaratory relief is moot. The allegations raised by Plaintiff are specific to the actions of the Defendants employed at either JCF or DRF. Plaintiff is no longer imprisoned at those facilities. Since the allegations are specific to Defendants at JCF and DRF they are rendered moot by Plaintiff's subsequent transfer to STF. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010); *Kenseu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

### *6. Plaintiff's Motion to Amend*

Plaintiff does not raise any additional claims in his Motion to Amend that would survive the current Motion. As such, Plaintiff's Motion is DENIED as MOOT.

**IV.     CONCLUSION**

For the foregoing reasons, Defendants' Motion for Summary Judgment [#16] is GRANTED.

Plaintiff's Motion to Amend is DENIED as MOOT.

SO ORDERED.

Dated: May 31, 2013

                                                    S/Gershwin A. Drain
                                                   GERSHWIN A. DRAIN
                                                   UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 31, 2013, by electronic and/or ordinary mail.

                        S/Tanya Bankston
                          Deputy Clerk