UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMIE BRZEZINSKI #394183,

       Plaintiff,                           Case No. 12-14573
                                                    HON. GERSHWIN A. DRAIN

vs.

WILLIE SMITH, et al.,

       Defendants.

_____/

OPINION AND ORDER DENYING PLAINTIFF'S APPLICATION FOR ORDER FOR REPLEVIN [#23] AND MOTION FOR DEFAULT JUDGMENT [#24]

      Presently before the Court are Plaintiff's Application for Order for Replevin and Motion for Default Judgment, both filed on June 3, 2013. On May 31, 2013, this Court entered an order dismissing Plaintiff's action in its entirety. *See* Dkt. No. 21. Plaintiff seeks replevin for his UCC materials, the same materials at issue in his Section 1983 claim that was already denied. A replevin claim is a state law action that this Court would not otherwise have jurisdiction over. As such, this Court construes this action as a Motion for Reconsideration brought under Local Rule 7.1(h) of the Local Rules of the United States District Court for the Eastern District of Michigan. The relevant language of the Rule is:

> [T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).

Plaintiff does not provide any additional facts that show the possibility that a palpable error occurred. Plaintiff merely restates his demand that his "unlawfully seized" property be returned to him. Additionally, Plaintiff accuses opposing counsel of having intent to defraud the United States. This lacks merit and is not an appropriate grounds to reconsider the closing of Plaintiff's case. The hearing officers already decided that the seizure of Plaintiff's books was lawful and this Court is in no position to question that judgment. The only question properly presented to this Court was whether or not the conduct complained of violated Plaintiff's constitutional rights. Plaintiff provides no reason for this Court to reconsider its judgment on this issue, so his request is denied.

Additionally, Plaintiff's Motion for Default Judgment is also denied. Plaintiff already requested and was denied default judgment against Defendant Oswalt on April 29, 2013. Default judgment was inappropriate since 42 U.S.C. § 1997e(g)(1) waives the right to reply to an action brought by a prisoner. For the same reason, default judgment is still inappropriate. Plaintiff does not present any additional grounds for default judgment to be entered, so his request is denied.

For the foregoing reasons, Plaintiff's Application for Order for Replevin [#23] and

Motion for Default Judgment [#24] are DENIED.

SO ORDERED.

Dated: June 12, 2013

                                                      S/Gershwin A. Drain

                                                      GERSHWIN A. DRAIN

                                                      UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on

June 12, 2013, by electronic and/or ordinary mail.

S/Tanya Bankston

Deputy Clerk